# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

TRAVELL ARMSTRONG,

      Plaintiff,

v.                                    Case No:   6:14-cv-1229-Orl-18DAB

STATE ATTORNEY,

      Defendant.

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS (Doc. No. 2)** |
| **FILED:** | **July 30, 2014** |

**THEREON** it is **RECOMMENDED** that the motion be **DENIED.**

Upon a party's submission of an affidavit of indigency, any court of the United States may authorize the party to proceed *in forma pauperis*. 28 U.S.C. § 1915(a). Section 1915 grants broad discretion to the district courts in the management of *in forma pauperis* cases. *Clark v. Ga. Pardons and Paroles Bd.*, 915 F.2d 636, 639 (11th Cir. 1990); *Phillips v. Mashburn*, 746 F.2d 782, 785 (11th Cir. 1984). The Court may dismiss the case or refuse to permit it to continue without payment of fees if the Court determines that the action is "frivolous or malicious." 28 U.S.C. § 1915(e)(2). A cause of action should not be considered frivolous unless it is "without arguable merit." *Sun v. Forrester*,

939 F.2d 924, 925 (11th Cir. 1991), *cert. denied,* 503 U.S. 921 (1992). To determine if a plaintiff

should be permitted to proceed *in forma pauperis*, a district court must determine "whether there is

'a factual and legal basis . . . for the asserted wrong, however inartfully pleaded.'" *Id.* (*quoting Watson*

*v. Ault*, 525 F.2d 886, 892 (5th Cir. 1976)). Critical to this analysis is a showing that the claim is

within the limited jurisdiction of this federal court. *See Cogdell v. Wyeth*, 366 F.3d 1245, 1247-48

(11th Cir. 2004).

    "A lawsuit is frivolous if the plaintiff's realistic chances of ultimate success are slight."

*Clark,* 915 F.2d at 639 (internal citation omitted). Moreover, the district court may dismiss a

complaint under Section 1915 on grounds of frivolousness if an affirmative defense would defeat

the action. *Id.* at 640. "When the defense is apparent from the face of the complaint or the court's

records, courts need not wait and see if the defense will be asserted in a defensive pleading."

*Id.* at 641, fn.2. "Indigence does not create a constitutional right to the expenditure of public

funds and the valuable time of the courts in order to prosecute an action which is totally without

merit." *Phillips*, 746 F.2d at 785, *citing Collins v. Cundy*, 603 F.2d 825, 828 (10th Cir. 1979).

    In evaluating a complaint under Section 1915, a document filed *pro se* is to be liberally

construed. *Erickson v. Pardus,* 551 U.S. 89,127 S.Ct. 2197, 2200, 167 L.Ed 2d 1081 (2007).

Nonetheless, as the Supreme Court has noted:

> To survive a motion to dismiss, a complaint must contain sufficient factual
> matter, accepted as true, to "state a claim to relief that is plausible on its
> face." [*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544] at 570, 127 S.Ct. 1955,
> [167 L.Ed. 2d 929, 2007]. A claim has facial plausibility when the plaintiff
> pleads factual content that allows the court to draw the reasonable inference
> that the defendant is liable for the misconduct alleged. *Id.*, at 556, 127
> S.Ct. 1955. The plausibility standard is not akin to a "probability
> requirement," but it asks for more than a sheer possibility that a defendant has
> acted unlawfully. *Ibid.*

*Ashcroft v. Iqbal,* 556 U.S.662, 129 S.Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009). While Rule 8(a),

Federal Rules of Civil Procedure, does not require detailed factual allegations, "it demands more than an unadorned, the defendant unlawfully-harmed-me accusation." *Iqbal*, 129 S.Ct. at 1949.  A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Bell Atlantic*, 550 U.S. 544, 555. The Court may also dismiss the case or refuse to permit a pro se applicant to continue without payment of fees "if the court determines that the action or appeal seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2).

Applied here, the Court notes that the cause or causes of action Plaintiff wishes to pursue are not clear, but appear to be precluded because the Court lacks jurisdiction to direct the State Attorney to arrest a particular person or persons because Plaintiff seeks to have them arrested for violating a restraining order.  Plaintiff seeks relief from this Court including, apparently, the filing of criminal charges against or the arrest of "several different domestic violence" women, who he apparently wants to see arrested because they have "endangered" him:

> The state allowed several different domestic violence woman to endanger Mr. Armstrong, with abuse, attempted to murder Mr. Armstrong, took the children out of his possession restoring them back with the dangerous baby mother who was arrested before for striking Mr. Armstrong before, but spared for her kidnapping, child endangerment, overlooking that a relative of hers molested her child, flees from authorities, drive while license suspended.   Why she haven't been arrested for violation the restraining order yet? This response of facts is needed from the State against YAHSHUA Jesus rest Mr. Armstrong Case . . . That the state has been allowing women to return their hate . . . Relief 2.1 million this case.

Doc. 1 (errors in the original). Plaintiff cites the Fourteenth Amendment, Equal Protection, and the Due Process clause, but does not explain how these rights were violated by the State Attorney. Instead, Plaintiff appears to seek an injunction requiring the State Attorney to arrest a woman or women for violating a restraining order.

As an initial matter, this Court cannot order the filing of state criminal charges for the

violation of a state court restraining order -- that is a matter within the prosecutor's discretion; thus, Plaintiff fails to state a claim on which relief may be granted for the "filing of criminal charges." Moreover, "[a] prosecutor is entitled to absolute immunity from suit for all actions he takes while performing his function as an advocate for the government." *Rivera v. Leal*, 359 F.3d 1350, 1353 (11th Cir. 2004). The State Attorney has absolute immunity for his decision not to prosecute a person for alleged violation of a restraining order; thus, Plaintiff cannot assert a cause of action against him.

It is respectfully **RECOMMENDED** that Plaintiff's Application to Proceed In Forma Pauperis be denied because he fails to state a claim upon which relief may be granted. It is further **RECOMMENDED** that this action be dismissed if Plaintiff fails to pay the required fees within 14 days of any order adopting or approving this Report and Recommendation, unless he files an amended complaint showing a cause of action within the Court's jurisdiction.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on August 29, 2014.

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

- 4 -